# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL VILLANUEVA | § | |
| | § | |
| v. | § | CASE NO. 4:16-CV-320 |
| | § | Judge Mazzant |
| WELLS FARGO HOME MORTGAGE | § | |
| and BUCKLEY MADOLE, P.C. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Buckley Madole, P.C.'s Motion to Dismiss (Dkt. #7). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND[1]

Plaintiff Daniel Villanueva ("Plaintiff") financed the property located at 2042 Lake Fort Lane, Little Elm, Denton County, Texas 75068 (the "Property") with BSM Financial, L.P (Dkt. #2 at ¶ 5.2). On September 8, 2003, Plaintiff executed a Promissory Note with BSM Financial for $172,636.00 secured by a Deed of Trust attached to the Property (collectively called "the Loan") (Dkt. #2 at ¶ 5.3). At some unspecified point, the Loan was transferred to Defendant Wells Fargo Home Mortgage ("Wells Fargo"). On April 23, 2015, Plaintiff sent a Qualified Written Request to Wells Fargo, seeking an accounting of payments made on the Loan, to which Wells Fargo never responded (Dkt. #2 at ¶ 5.5).

On February 9, 2016, Wells Fargo sent notice of a foreclosure sale on the Property (Dkt. #2 at ¶ 5.6). To prevent the foreclosure, Plaintiff filed for bankruptcy and made several payments under a Chapter 13 plan (Dkt. #2 at ¶¶ 5.6-5.7). Due to confusion as to the amount of

---

[1] The following facts were alleged in Plaintiff Daniel Villanueva's Petition (Dkt. #2) and are taken as true for the purpose of this Memorandum Opinion and Order.

1

the payments under the plan, Plaintiff's bankruptcy case was dismissed for delinquency of payments (Dkt. #2 at ¶ 5.10). Plaintiff claims that he made all payments under the Loan but eventually Wells Fargo began to refuse Plaintiff's payments (Dkt. #2 at ¶ 5.11).

Finally, after extensive communications between Plaintiff and Wells Fargo, Defendant Buckley Madole, P.C. ("Buckley Madole"), attorney for Wells Fargo, mailed a notice of default and acceleration on April 18, 2016 (Dkt. #2 at ¶ 5.16). On that same day, Buckley Madole mailed a notice of Trustee's sale to Plaintiff (Dkt. #2 at ¶ 5.17).

On April 28, 2016, Plaintiff filed the present suit in state court, seeking to halt the Trustee's sale. (Dkt. #2). On May 12, 2016, Defendants removed the case to this court on the basis of diversity jurisdiction. (Dkt. #1). On June 7, 2016, Buckley Madole filed the present Motion to Dismiss. (Dkt. #7).

## LEGAL STANDARD

Defendant also moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

Buckley Madole argues that Plaintiff's claims against it must be dismissed because it cannot be sued for actions taken while representing its client, Wells Fargo. Plaintiff has not responded to Buckley Madole's motion. Under the local rules, Plaintiff is considered to have no factual basis to oppose Buckley Madole's motion. *See* Local Rule CV-7(d). Plaintiff's claims arise out of Texas law; therefore, the Court looks to Texas law when determining whether Plaintiff's claims should be dismissed. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Under Texas law, attorneys are generally protected from suits by opposing parties for actions taken during litigation to further their representation of a client. *Chapman Children's Tr. v. Porter & Hedges, LLP*, 32 S.W.3d 429, 440 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). This protection has been extended to include attorneys bringing foreclosure proceedings on behalf of their clients. *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *5 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.); *Igbal v. Bank of Am.*, 559 F. App'x 363, 365 (5th Cir. 2014). An attorney is not entitled to protection if it can be shown that he engaged in fraud or other acts—separate from his representation of his clients—on which relief can be granted. *See Chapman*, 32 S.W.3d at 441–42.

In his Petition, Plaintiff does not list what causes of action he is bringing against Buckley Madole. He also recognizes that Buckley Madole was acting as Wells Fargo's attorney. (Dkt. #2

4

at ¶ 5.16). Plaintiff alleges that Buckley Madole mailed the notice of default and acceleration to Plaintiff as well as the notice of Trustee's sale. (Dkt. #2 at ¶¶ 5.16-5.17). These are the only facts alleged against Buckley Madole, and they clearly concern actions taken in the course of Buckley Madole's representation of Wells Fargo. Based on Plaintiff's failure to plead that Buckley Madole took any actions outside the scope of its representation of Wells Fargo, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff has failed to state a claim against Buckley Madole upon which relief can be granted. While a court may allow a plaintiff the chance to replead prior to dismissing a claim, Plaintiff's failure to respond shows that he does not have any factual basis on which to oppose Buckley Madole's Motion. *See* Local Rule CV-7(d). The court concludes that giving Plaintiff a chance to replead is unnecessary. This Order has no effect on Plaintiff's claims against Defendant Wells Fargo.

## CONCLUSION

It is therefore **ORDERED** that Defendant Buckley Madole, P.C.'s Motion to Dismiss (Dkt. #7) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff Daniel Villanueva's claims against Defendant Buckley Madole, P.C. are **DISMISSED** with prejudice.

**SIGNED this 20th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE